IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Slick Slide LLC, | ) | Case No. 6:23-cv-03924-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Dustin Pelletier, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim.  [Doc. 7.]  For the reasons below, the Court grants the motion without prejudice and with leave for Plaintiff to file an Amended Complaint that is consistent with this Order.

Plaintiff filed this action on August 9, 2023, alleging a patent infringement claim against Defendant.  [Doc. 1.]  On September 11, 2023, Defendant filed a motion to dismiss for failure to state a claim.  [Doc. 7.]  Plaintiff filed a response in opposition to the motion to dismiss on September 25, 2023 [Doc. 8], and Defendant filed a reply on October 2, 2023 [Doc. 11].  Accordingly, the motion is ripe for review.[*]

## BACKGROUND

Plaintiff alleges that it "is a well-known provider of recreational slides."  [Doc. 1 ¶ 2.]  Plaintiff alleges that Defendant "is the owner and operator of a trampoline park, in which he uses and operates recreational slides."  [*Id.* ¶ 3.]  Plaintiff further alleges that Defendant has infringed and continues to infringe United States Design Patent No. D973,821, entitled "Recreational Slide" (the "'821 patent") by operating and using certain recreational

---

[*] The case was reassigned to the undersigned on February 14, 2024.  [Doc. 13.]

slides and that such infringement is willful and with full knowledge of Plaintiff's rights in the '821 patent.  [*Id.* ¶¶ 11, 14–15.]

## APPLICABLE LAW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab's, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

> obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

3

## DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed because it fails to sufficiently plead facts from which an inference of patent infringement can be drawn and fails to plead a basis for piercing the corporate veil to allow Defendant to be held personally responsible for the use of the slides by his business.  [Doc. 7-1 at 5–12.]  The Court agrees that the Complaint fails to state a claim.   Plaintiff may remedy the Complaint's deficiencies, however, by amending his Complaint as explained below.

In *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (Fed. Cir. 2000), the United States Court of Appeals for the Federal Circuit outlined five elements required to plead a claim of patent infringement: (a) allege ownership of the patent, (b) name each defendant, (c) cite the patent that is allegedly infringed, (d) state the means by which the defendant allegedly infringes the patent, and (e) point to the sections of the patent law invoked.  *Id.* at 794.  The court stated that this is "enough detail to allow the defendants to answer" and that "Rule 12(b)(6) requires no more."  *Id.*  Upon review of the Complaint, the Court concludes that Plaintiff has failed to specifically state the means by which Defendant allegedly infringes the patent at issue and fails to specifically cite to any section of the patent law invoked.

Plaintiff may remedy these deficiencies, however, by amending its Complaint to include sufficient factual material to state the means by which the '821 patent is allegedly infringed and by pointing to the sections of the patent law invoked.  Accordingly, the Court grants Plaintiff leave to amend its pleading.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a complaint] when justice so requires."); [*see also* Doc.

4

8 at 13 (Plaintiff's request for leave to amend if the Court is inclined to grant Defendant's motion to dismiss)].

Additionally, with respect to Defendant's argument that Plaintiff has failed to plead a basis for piercing the corporate veil, in his reply memorandum, Defendant clarifies that the proper legal entity to be named as a defendant in this case is BA Greenville, LLC. [Doc. 11 at 8.]   Therefore, Plaintiff may name the proper defendant in its amended pleading.

## CONCLUSION

Wherefore, based upon the foregoing, Defendant's motion to dismiss [Doc. 7] is GRANTED, but Plaintiff is granted leave to amend its Complaint in a manner consistent with this Order and *Phonometrics, Inc.*, 203 F.3d 790, by April 22, 2024.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 8, 2024
Greenville, South Carolina

5